# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2262 | **DATE** | May 1, 2008 |
| **CASE TITLE** | Donald Mascio (B-15769) v. Officer Hall, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $ 1.77 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center. The Clerk shall issue summonses to defendants Hall, Horton, and Hovel and attach a Magistrate Judge Consent Form to the summons for each defendant, and send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied. Defendant Tyler Brown is dismissed from this action.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Donald Mascio is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 1.77. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

    Plaintiff alleges that while he was detained at Cook County Jail, another inmate, defendant Tyler Brown, attacked him. He claims that correctional officers at the jail failed to protect him from this assault and then conspired to cover it up. Plaintiff seeks money damages from the three correctional officers and asks that defendant Brown be criminally charged for the attack.

    Plaintiff states a colorable claim in regard to the officers and will be allowed to proceed against them.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

However, in any action brought under §1983, the alleged violator of the plaintiff's constitutional rights must have acted under color of state law. *See Monroe v. Pape*, 365 U.S. 167, 183-87 (1961). Inmate Brown is not a state actor. A suit pursuant to §1983 therefore cannot be maintained against him. *See, e.g., Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *Tunca v. Lutheran General Hosp.*, 844 F.2d 411, 413 (7th Cir. 1988).

Moreover, the only relief Plaintiff seeks in regard to inmate Brown is to have him prosecuted. However, only the State's Attorney has the authority to prosecute and to determine when and what to prosecute. *See Leeke v. Timmerman*, 454 U.S. 83 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). This Court therefore cannot provide Plaintiff with the relief he seeks against inmate Brown.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

The United States Marshals Service is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The Court denies Plaintiff's motion for appointment of counsel without prejudice for failure to make a showing that he "has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).