UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MASCIO, # B15769 | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 2262 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Amy St. Eve |
| CORRECTIONAL OFFICER (c/o) HALL, | ) | |
| C/O HORTON, C/O HOVEL, TYLER BROWN | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAITNIFF'S COMPLAINT**

NOW COME Defendants OFFICER HORTON and OFFICER HOVEL by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Michael A Kuczwara Jr., and answer Plaintiff's Complaint as follows:

1. On July 20, 2006 I was attacked by resident Tyler Brown while at the Cook County Jail (I was later sentenced for robbery on September 11, 2006).

    ANSWER: Defendants deny the allegations contained in paragraph 1.

2. Defendant Tyler Brown had no reason to be assigned to be on the "Medical Deck" (Division 9-2A), for the "Medical Dock" is for residents on Psychotropic medication, physical therapy, etc.

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

1

3. About 2:30 p.m., at lock-up time, resident Brown spit in my face (when the Correctional Officer let them out for a shower) Tyler and his cellie "C-I" (of the Cicero Insanes) conspired with Correctional Officer Horton to attack me.

ANSWER: Defendants deny the allegations contained in paragraph 3.

4. Correction Officer Horton ordered all inmates out of their cells and I left my shirt in my cell, but Correctional Officer Horton acted strange and began to ignore me, being aware of what was about to happen.

ANSWER: Defendants deny the allegations contained in paragraph 4.

5. I discussed these events with my cellie (Jose Salsado) while in the shower area and I told him that Defendant Brown (Ghost of the unknown Vice-Lords) had disrespected me and spit in my face. Brown then told me to lick the spit off my face and I'll like it and he began to laugh.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Jose also knew that Brown was going to attack me as he got the cell door locked behind him by Correctional Officer Horton and Holvo.

ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. While I was talking to Jose Correctional Officer Holvo called another inmate (David) out for a "Fake" attorney visit, then Holvo called out into the hallway me cellie Jose and they began talking.

ANSWER: Defendants deny the allegations contained in paragraph 7.

8. Not aware of my surroundings and the pending attack, when my cellie left the shower area, resident/Defendant Brown attacked me while Correctional Officer Horton was asleep in the guard tower.   I did see Holvo and my cellie and David talking together (Although he [David] was suppose to be on a visit].

ANSWER: Defendants deny the allegations contained in paragraph 8.

9. During Brown's attack on me he cut my nose and upper lip when he ran upon me, asking me if I'm ready now.  The aftermath was so bad (that I was so dazed) that when Correctional Officer Hall came on the scene that she said (what happened) that we'll just write down that I walked into a wall thus conspiring to cover-up the premeditated attack and thus conspiring to violate my State and Civil Rights to be free from the intentional sadistical and malicious affliction of pain and suffering and mental anguish that I endured during (and following) this attack.  This was also failure to protect as stated by law.

ANSWER: Defendants deny the allegations contained in paragraph 9.

## AFFIRMATIVE DEFENSES

Defendants, OFFICER HORTON and OFFICER HOVEL by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Michael A Kuczwara Jr., plead the following Affirmative Defenses to Plaintiff's Complaint:

1. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004).

2. The Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.  Accordingly, the Defendant is entitled to the defense of Qualified Immunity.

## JURY DEMAND

Defendants, respectfully demand trial by jury.

        Respectfully submitted,

        RICHARD A. DEVINE
        COOK COUNTY STATE'S ATTORNEY

By:   /s/ Michael A. Kuczwara Jr.
      Michael A. Kuczwara Jr.
      Assistant State's Attorney

Michael A. Kuczwara Jr.
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3233